Case 7:21-cv-00102-DC   Document 18   Filed 06/07/21   Page 1 of 2

**FILED**
June 07, 2021
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____ J.A. _____
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| KNIGHTEN MACHINE AND SERVICE, INC., <br><br> *Plaintiff,* <br><br> vs. <br><br> AQUA TERRA PERMIAN, LLC, <br><br> *Defendant.* | § § § § § § § § § § § § § <br><br> 5-21-CV-00121-RBF |

# ORDER

Before the Court is the status of the above-referenced case, which was assigned following the parties' consent to U.S. Magistrate Judge jurisdiction. *See* Dkt. Nos. 10-12. For the reasons discussed below, the Court will transfer this case to the U.S. District Court for the Western District of Texas, Midland-Odessa Division.

Plaintiff Knighten Machine and Service, Inc. initiated this case in the 385th District Court of Midland County, Texas. Knighten claims in its live pleading that Defendants failed to pay for labor, equipment, and services furnished to repair or improve certain real property located in Midland, Texas. *See* Dkt. No. 1-4 at 2-9. On February 8, 2021, Defendant Aqua Terra Permian, LLC removed the case to the San Antonio Division. *Cf.* 28 U.S.C. § 1441(a) (permitting a case to be removed "to the district court of the United States for the district *and division* embracing the place where such action is pending") (emphasis added). On May 25, 2020, the Court held an Initial Pretrial Conference at which the parties expressed confusion regarding the case's removal to this Division. Indeed, it appears from the Notice of Removal that the case finds itself in the

1

San Antonio Division by mistake.[1] Moreover, it doesn't appear that venue would otherwise properly lie in the San Antonio Division. A substantial part of the events giving rise to this litigation occurred in Midland—not San Antonio—and not all Defendants are Texas residents. *See* 28 U.S.C. § 1391(b).

For these reasons the Court will exercise its discretion and *sua sponte* **TRANSFER** this case pursuant to 28 U.S.C. § 1406(a) to the United States District Court for the Western District of Texas, Midland-Odessa Division, where it should be assigned to a judge of that Division for further proceedings. *See Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 493 n. 3 (5th Cir. 1996).

**IT IS SO ORDERED.**

SIGNED this 27th day of May, 2021.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE

---

[1] *See* Dkt. No. 1 ¶ 19 ("Venue is proper in the Western District of Texas, Midland Division pursuant to 28 U.S.C. § 1441(a) because the State Court Lawsuit was pending in Midland County, Texas which is a county in the Federal Western District of Texas, Midland Division").